# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| LAWANDA SMALL,<br><br>  Plaintiff,<br><br>  v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>  Defendant. | CV 22-04640 TJH (KESx)<br><br><br>Order |

  The Court has considered Plaintiff Lawanda Small's motion to remand [dkt. # 16] and Defendant Allianz Life Insurance Company of North America's ["Allianz"] motion to dismiss [dkt. # 13], together with the moving and opposing papers.

  On February 27, 2020, Small filed a putative class action – *Small v. Allianz Life Ins. Co. of N. Am. (Small I)*, No. CV 20-01944 THJ (KES). Small's Complaint ["the *Small I* Complaint"] centered on the allegation that, in 2019, Allianz wrongfully denied her life insurance claim, tendered under her late husband's life insurance policy ["the Policy"]. Small alleged that Allianz had, *inter alia*, failed to provide the mandatory 30-day notice of a missed premium payment and failed to provide the mandatory 60-day grace period before terminating the Policy. The *Small I* Complaint alleged four

claims, including a claim for injunctive relief and restitution pursuant to California's Unfair Competition Law ["UCL"], Cal. Bus. & Prof. Code §§ 17200, *et seq*.

On March 29, 2022, the Court struck the *Small I* Complaint's prayer for injunctive relief because she lacked standing to seek prospective injunctive relief. Additionally, the Court dismissed Small's UCL claim, to the extent that it arose under the UCL's unfair and fraudulent prongs, for failure to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). Small's claim under the UCL's unlawful prong remains pending before this Court.

On May 31, 2022, Small filed this case in the Los Angeles County Superior Court as a second putative class action against Allianz ["*Small II*"]. The *Small II* Complaint alleged a single claim for injunctive relief pursuant to the UCL's unlawful conduct prong and contained nearly identical allegations to those in the *Small I* Complaint. On July 7, 2022, Allianz removed this case.

Small, now, moves to remand *Small II*, pursuant to 28 U.S.C. § 1447(c), and Allianz moves to dismiss *Small II*, pursuant to Fed. R. Civ. P. 12(b)(6).

Small argued that the Court lacks subject matter jurisdiction over this case because she still lacks standing to seek prospective injunctive relief. In *Small I*, the Court held that Small lacked standing to seek prospective injunctive relief because she failed to allege that she was "realistically threatened by a repetition of [Allianz's alleged violations].'" *See Armstrong v. Davis*, 275 F.3d 849, 860-61 (9th Cir. 2001) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983), *overruled on other grounds by Johnson v. California*, 543 U.S. 499 (2005)).

Here, in *Small II*, Small expanded the scope of her requested injunctive relief by seeking both prospective and retrospective injunctive relief, though it is based on the same claim and facts alleged in *Small I*. As she requested in *Small I*, Small is seeking an injunction, here, for "stopping and remedying the ongoing violations of The Statutes." She is, also, seeking, here, two new forms of injunctive relief. Small is seeking an injunction "to reverse or invalidate [Allianz's] ongoing lapsing or

repudiation of life insurance policies that are to be deemed in-force as a matter of law" and "to command the payment of all owed policy benefits[.]"

The Court must evaluate whether Small has standing to seek injunctive relief for each form of injunctive relief. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). As before, Small lacks standing for an injunction to "stop[] and remedy[] the ongoing violations of The Statutes" because that relief is prospective. However, her request to invalidate Allianz's alleged "ongoing lapsing or repudiation of life insurance policies" seeks both prospective *and* retroactive injunctive relief, while her request for injunctive relief for compensation for wrongly denied claims is purely retroactive. Here, Small has standing to seek retroactive relief because she has pled that she suffered an injury in fact, caused by Allianz, that is redressable by the Court. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

The question, then, is whether the Court should remand Small's entire UCL claim, or only that portion of the claim that seeks prospective injunctive relief. The Ninth Circuit has declined to resolve whether claims should be partially remanded when standing is lacking for only some forms of relief. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.6 (9th Cir. 2018).

If the Court remands only a portion of Small's UCL claim, the remaining portion will be dismissed because *Small I* is still pending – plaintiffs "generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Mendoza v. Amalgamated Transit Union Intl*, 30 F.4th 879, 886 (9th Cir. 2022). Where remand and dismissal are both available options, judicial economy, convenience, fairness, and comity favor remand. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988).

Accordingly,

It is Ordered that this case be, and hereby is, Remanded.

𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the motion to dismiss be, and hereby is, 𝔇𝔢𝔫𝔦𝔢𝔡 as moot.

Date: November 30, 2022

*Terry J. Hatter, Jr.*
𝔗𝔢𝔯𝔯𝔶 𝔍. 𝔥𝔞𝔱𝔱𝔢𝔯, 𝔍𝔯.
𝔖𝔢𝔫𝔦𝔬𝔯 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔍𝔲𝔡𝔤𝔢